409 A.2d 10

**In re ADOPTION OF E.M.A.**

**Appeal of GEORGIA D., Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 18, 1979.
Decided Dec. 21, 1979.

Joanne Ross Wilder, Patricia G. Miller, Pittsburgh, for appellant.

No appearance for appellee.

EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MAN-DERINO, LARSEN and FLAHERTY, JJ.

154

ROBERTS, Justice.

The issue presented is whether appellant, not the spouse of the natural father, may become an adopting parent of his child, when the father gives only "qualified" consent, specifically retaining his parental rights. Our Adoption Act requires, as a prerequisite to adoption, inter alia, either the unqualified consent of natural parents under section 411, or the termination of their parental rights under sections 302 or 311.[1] *Susko Adoption Case,* 363 Pa. 78, 69 A.2d 132 (1949). The only provision for a qualified consent is contained in section 503:

"Whenever a parent consents to the adoption of his child by his spouse, the parent-child relationship between him and his child shall remain whether or not he is one of the petitioners in the adoption proceeding."[2]

The orphans' court denied appellant's petition for adoption holding that the consent given by the natural father did not meet the statutory requirements for adoption by a nonspouse. We affirm.

■ Appellant seeks to adopt E.M.A. who was born on April 23, 1971. The child's natural parents never married. The natural mother, who has had no contact with E.M.A. for several years, consented to her adoption by appellant. The natural father, as already stated, executed only a qualified consent, retaining his parental rights. Appellant contends that even though she is not the spouse of the child's father, and has only his qualified consent, she is nevertheless entitled to be an adopting parent under section 503.

By its express terms, section 503 is clearly limited to adoption by the spouse of a natural parent. This statutory provision is available only in private or family adoptions, upon the marriage or remarriage of the natural father or

1. Act of July 24, 1970, P.L. 620, 1 P.S. §§ 101 et seq. (Supp.1978). See § 411 (consents necessary to adoption); §§ 301–303 (voluntary relinquishment of parental rights); § 311 (involuntary termination).

2. *Id.,* § 503.

mother. Only in such intra-family adoptions may a natural parent execute a valid consent retaining parental rights.[3] And only in such a husband-wife relationship is the qualified consent legally sufficient for the spouse seeking to become an adopting parent.

 Adoption is a purely statutory right unknown at the common law. To effect an adoption, the legislative provisions of the Adoption Act must be strictly complied with. *Gunther Adoption Case,* 416 Pa. 237, 206 A.2d 61 (1965); *Schwab Adoption Case,* 355 Pa. 534, 50 A.2d 504 (1938). Our courts have no authority to decree an adoption in the absence of the statutorily required consents. Nor may exceptions to the Adoption Act be judicially created where the Legislature did not see fit to create them.

Appellant, though she is not a spouse, seeks to avail herself of an exclusive intra-family provision legislatively reserved only for spouses of consenting parents. Appellant's contention requires that "spouse" in section 503 be read as though the Legislature used "spouse" to mean non-spouse.[4] Such a construction of section 503 is tantamount to rewriting the legislative direction. To do so would be an unwarranted and impermissible judicial intrusion into the exclusive legislative prerogative.

 In the alternative, appellant claims that section 503 is unconstitutional as applied because it discriminates against unmarried persons who wish to adopt.[5] This claim is meritless. Appellant's constitutional challenge must meet the "stringent burden" of establishing that the statute *"clearly, palpably* and *plainly* violates the Constitution," *In re William L.,* 477 Pa. 322, 329, 383 A.2d 1228, 1231 (1978) (citing cases).

3. "Private" or "family" adoptions, in which a natural parent marries a prospective adopting parent, comprise the vast majority of adoptions in Pennsylvania.

4. "Spouse" is defined in Black's Law Dictionary, as "one's wife or husband."

5. United States Constitution, Fourteenth Amendment (equal protection clause); Pennsylvania Constitution, art. 1, §§ 1, 26.

It should be noted that the Adoption Act in no way precludes an unmarried person from adopting a child. Section 212 of the Act states that "[a]ny individual may become an adopting parent." [6] Married or unmarried persons, male or female, may adopt so long as they secure either the requisite unqualified consents or decrees of involuntary termination and meet the other provisions of the Adoption Act. Appellant could· be eligible to adopt if she offered the orphans' court either full consents of both parents or proper decrees of termination of parental rights. But here appellant has only a section 503 qualified consent of the natural father. Since appellant is not the spouse of the natural father, a section 503 consent is not sufficient to meet the eligibility requirements for an adopting parent.

It is the legislative judgment and mandate that a section 503 qualified consent be available only to the spouse of a natural parent. Given the state's traditional authority and longstanding interest in the family, it must be obvious that section 503 is a proper reflection of the legislative judgment and public policy of the Commonwealth concerning the intra-family aspects of Pennsylvania's comprehensive adoption act. It is appropriate and entirely reasonable for the Legislature to provide, as section 503 does, a special type of consent available only where there is a husband-wife relationship. So too it is not unreasonable to require non-spouses to comply with the unqualified parental consent provisions. Manifestly, our courts are without authority to ignore or alter the consent provisions of the Adoption Act.

We find no constitutional infirmity in the legislative judgment contained in section 503. Accordingly, the decree of the orphans' court denying the adoption is affirmed.

Decree affirmed. Each party pays own costs.

MANDERINO, J., did not participate in the decision of this case.

6. Act of July 24, 1970, 1 P.S. § 212 (1978 Supp.).