**In re ADOPTION OF K.M.W.**

**Appeal of L.S.H., Appellant.**

Superior Court of Pennsylvania.

Submitted June 22, 1998.
Filed Oct. 2, 1998.

---

**3.** Commonwealth's brief at 10.

Mark C. Duffie, Lemoyne, for appellant.

Before HUDOCK and STEVENS, MONTEMURO\*, JJ.

STEVENS, Judge:

This appeal presents us with the issue of whether a non-spouse may adopt a child where one of the child's natural parents continues to retain custody. In this case, the Court of Common Pleas of Cumberland County denied the petition for the adoption of the minor, K.M.W. filed by Appellant/Grandmother, L.S.H. After a review of the record and brief of Appellant, we affirm the decision of the juvenile court.

On June 17, 1997, Appellant, the maternal grandmother of K.M.W., petitioned the juvenile court of Cumberland County for the adoption of K.M.W. In the petition, Appellant requested that the juvenile court grant her the adoption of K.M.W. while allowing Mother, M.L.H., to retain her parental rights. Father agreed to voluntarily terminate his parental rights. In essence, Appellant's agreement would allow Mother and Grandmother to be the custodians of K.M.W. while eliminating Father as a possible custodian of K.M.W. On September 3, 1997, a hearing on this matter was held before the Honorable J. Wesley Oler, Jr. By Opinion and Decree Nisi, the juvenile court denied Appellant's request. This appeal followed.

Appellant raises two issues on appeal. First, Appellant claims that the trial court erred in finding that 23 Pa.C.S.A. § 2101 *et seq.*, (hereinafter referred to as the, "Adoption Act") does not permit a maternal grandmother to adopt her granddaughter while the natural mother retains parental rights. Secondly, Appellant claims that the trial court erred in finding that, in the alternative, the adoption by Appellant would not be in the "best interest of the child."

We find that the Adoption Act does not permit a non-spouse to adopt a child where both parents have not relinquished their respective parental rights. Thus, under the terms of the Adoption Act, Appellant is not permitted to adopt K.M.W. while Mother retains her parental rights.

To effect an adoption, the provisions of the Adoption Act must be strictly construed. *In re Adoption of E.M.A.*, 487 Pa. 152, 409 A.2d 10 (1979). Additionally, adoption is purely a statutory right, unknown at common law. *Id.* Our Courts cannot and should not create judicial exceptions where the legislature has not seen fit to create such exceptions. *E.M.A., supra.*

In making our determination, we are guided by the Adoption Act, *supra* at § 2903 which states, *inter alia,* that "whenever a parent consents to the adoption of his child by *his spouse,* the parent-child relationship between him and his child shall remain whether or not he is one of the petitioners in the adoption proceeding." (emphasis added).

In *E.M.A.* the Pennsylvania Supreme Court held that where a petitioner had the father's qualified consent to adopt his child, the petitioner was not entitled to be an adopting parent. The Supreme Court found that because the petitioner was not a spouse of the father, she could not avail herself to the status of "spouse" under the terms of the statute.[1] Moreover, a panel of this Court recently stated that, "a parent may not petition to terminate the parental rights of the other parent unless it is established that

1. In *E.M.A.* the Supreme Court interpreted the language of 1 P.S. § 503 which has been re-pealed and replaced by 23 Pa.C.S.A. § 2903. The language in the new statute mirrors that of the repealed statute.

there is an adoption contemplated by *the spouse* of the petitioner." *In re Adoption of J.F.*, 392 Pa.Super. 39, 572 A.2d 223, 225 (1990) (emphasis added).

Both *E.M.A.*, *supra* and *J.F.*, *supra*, control the outcome of this case. It is clear that the Adoption Act, *supra*, at § 2903, envisioned a narrow case where one parent would retain parental rights and another party would be allowed to adopt. Clearly, the other party must be the spouse of the parent retaining custodial rights.

Appellant has additionally stated that similar adoptions have been permitted where a homosexual partner of a natural parent has been permitted to adopt the natural parent's child. A review of the caselaw has not yielded any cases in our jurisdiction which have allowed an analogous case involving same-sex partners. Such extension of the law, if any, is within the province of the duly elected legislature, not the Courts of this Commonwealth.

In sum, Appellant is not a spouse and, as such, cannot avail herself of the exclusive family situation which would allow such an adoption. For this Court to create a judicial exception would be against the express statutorial mandate. Therefore, we conclude that Appellant is statutorily precluded from adopting K.M.W.[2]

For the forgoing reasons, we affirm the decision of the trial court.

Affirmed.

2. Because Appellant is statutorily precluded from adopting K.M.W., we need not address Appellant's contention that the adoption would be in K.M.W.'s best interest.