803 A.2d 1195

**In re ADOPTION OF R.B.F. and R.C.F.**

**Appeal of B.A.F. and C.H.F.**

**In re Adoption of C.C.G. and Z.C.G.**

**Appeal of J.C.G. and J.J.G.**

Supreme Court of Pennsylvania.

Submitted March 25, 2002.

Decided Aug. 20, 2002.

270

Christine Biancheria, Pittsburgh, Sandra Gail Edwards Gray, Lancaster, for B.A.F., C.H.F., J.C.G., and J.G.G.

Michael Kenneth Coran, Philadelphia, Jennifer Middleton, pro hac vice, for Lambda Legal Defense, Education Fund & Nat'l Center for Lesbian Rights.

Susan Frietsche, Philadelphia, for Philadelphia Bar Assoc., et al.

Meredith L. Schalick, Pittsgrove, NJ, Frank P. Cervone, Philadelphia, for Adoptions from the Heart, et al.

Philip Joseph Murren, Camp Hill, for Pennsylvania Catholic Conference.

Keith Origene Barrows, Williamsport, Pennsylvania Family Institute.

Before: ZAPPALA, C.J., and CAPPY, CASTILLE, NIGRO, NEWMAN, SAYLOR and EAKIN, JJ.

### *OPINION*

Chief Justice ZAPPALA.

These consolidated appeals raise the issue of whether the Adoption Act requires a legal parent to relinquish his or her parental rights in cases where a same-sex partner seeks to adopt the legal parent's child. We hold that Section 2901 of the Adoption Act, 23 Pa.C.S. § 2901, affords the trial court discretion to determine whether, under the circumstances of a particular case, cause has been shown to demonstrate why a particular statutory requirement has not been met. As Appellants' adoption petitions were summarily dismissed, they did not have the opportunity to demonstrate cause why the relinquishment provision need not be met here. Accordingly, we vacate the orders of the Superior Court and remand to the trial courts for evidentiary hearings.

The appellants in the case of *In re: Adoption of C.C.G. and Z.C.G.*, both male, are involved in an intimate relationship and have been domestic partners since 1982. On October 24, 1991, Appellant J.J.G. adopted C.C.G. He adopted his second child, Z.C.G. on April 21, 1999. After the children were adopted, Appellant J.J.G. and his partner, Appellant J.C.G., lived together with the children as a family. On May 9, 1999, Appellants filed a petition wherein J.C.G. sought to adopt both children. The Erie County Common Pleas Court denied the adoption petition on June 18, 1999, and subsequently affirmed that order upon Appellants' request for rescission.

The *en banc* Superior Court affirmed the denial of the adoption petition, noting that the court cannot create judicial exceptions to the requirements of the Adoption Act. *In re: Adoption of C.C.G. and Z.C.G.*, 762 A.2d 724 (Pa.Super.2000). The court held that the clear and unambiguous provisions of the Adoption Act do not permit a non-spouse to adopt a child

where the legal parents have not relinquished their respective parental rights. It relied on Section 2711(d) of the Adoption Act, which states that the consenting parent of an adoptee under the age of eighteen must provide a statement relinquishing parental rights to his or her child. Appellant J.J.G., the legal parent, had attached a consent form to the adoption petition, but the phrase indicating that he intended to permanently give up his rights to his children was intentionally omitted from the form. The court held that this omission rendered the consent invalid, as it did not meet the requirements of Section 2711. It concluded that Appellant J.C.G. therefore had no legally ascertainable interest, notwithstanding the equal protection clause.[1]

The Superior Court noted that the only exception to the unqualified consent requirement was Section 2903 of the Adoption Act, which provides that "[w]henever a parent consents to the adoption of his child *by his spouse,* the parent-child relationship between him and his child remain whether ... he is one of the petitioners in the adoption proceeding." 23 Pa.C.S. § 2903 (emphasis added). It relied on our decision in *In re Adoption of E.M.A.,* 487 Pa. 152, 409 A.2d 10 (1979), for the proposition that Section 2903 applies solely to "stepparent" situations and has no application to unmarried persons. The court concluded that because our Commonwealth only recognizes marriages "between one man and one woman," 23 Pa.C.S. § 1704, Appellant J.C.G. does not qualify as a "spouse" under Section 2903.

The Superior Court rejected Appellants' claim that the trial court was afforded discretion to waive the statutory requirements when "cause has been shown" under Section 2901.[2] The court held that "for cause shown" relates to reasons why the statutory requirements of adoption need not be met. It concluded that until the statutory requirements have been met, or cause shown as to why they need not be met, an

1. The court noted that there was "currently no specific legislation before [it] which implicates the issues of equal protection," and therefore declined to address the issue further. *Id.* at 727 n. 1.

2. The text of Section 2901 is set forth in full at 9, *infra.*

analysis of the best interest and general welfare of the children cannot be considered. *Id.* at 729. The court further held that Appellants had failed to demonstrate cause in the instant cases and therefore their adoption petitions were properly denied.[3]

Judge Johnson filed a dissenting statement, in which Judges Kelly and Todd joined. Judge Johnson opined that the Adoption Act permits an adoption when the children's only legal parent advocates the adoption, has joined in the petition for adoption and has retained his parental rights. He found that the majority's strict construction of Section 2711 contravenes the mandate of the Statutory Construction Act, 1 Pa.C.S. §§ 1501–1991, and is inconsistent with the Legislature's purpose in enacting Section 2711. Judge Johnson stated that the principles relied upon by the majority applied only to the involuntary termination of parental rights and that the majority failed to recognize that Section 2901 granted the trial courts discretion to grant the adoptions in the instant cases. Finally, he found that the majority's analysis erroneously focused upon the relationship between the appellants rather than the parent-child relationship.

Judge Todd filed a separate dissenting opinion, which was joined by Judges Kelly and Johnson. Judge Todd emphasized the impact of the majority's decision on the children at issue. She noted that children will not be afforded the benefits of adoption, which include: the legal protection of the children's existing familial bonds; the right to financial support from two parents; the right to inherit from two parents; and the right to obtain other available dependent benefits, such as health care insurance and Social Security benefits, from either parent. Recognizing that there have been over one hundred "second-parent"[4] adoptions granted in this Commonwealth in

---

**3.** Judge Ford Elliot concurred in the result, finding the decision of *In re Adoption of E.M.A.* controlling. She concluded that the issue of qualified consent outside of marriage must either be re-addressed by our Court or returned to the Legislature for further consideration or amendment.

**4.** Appellants define the term "second-parent adoption" as an adoption in which an individual who is raising children together with a non-

at least fourteen counties,[5] Judge Todd opined that the majority's decision would deny many children the legal benefits of parenthood.

The appellants in the case of *In re: Adoption of R.B.F. and R.C.F.*, both female, are also engaged in an intimate relationship and have been domestic partners since 1983. When the couple decided to raise a family, Appellant C.H.F. conceived through *in vitro* fertilization with the sperm of an anonymous donor, who retains no parental rights. C.H.F. gave birth to twin boys on March 11, 1997. On April 24, 1998, C.H.F. and her partner, B.A.F., filed a petition, wherein B.A.F. sought to adopt the boys. As in the companion case, C.H.F. attached a consent form to the adoption petition, which intentionally omitted the phrase indicating that she intended to permanently give up her rights to the children. The Lancaster County Common Pleas Court dismissed the petition with prejudice on October 22, 1998.

A panel of the Superior Court affirmed the denial of the adoption petition. On January 21, 2000, Appellants filed an application for reargument/reconsideration, which was granted. The matter proceeded for oral argument before the *en banc* Superior Court. In a decision filed the same day as *In re: Adoption of C.C.G. and Z.C.G.*, the court affirmed the denial of the adoption petition. The analysis was nearly identical to that set forth in *C.C.G.*, and similar concurring and dissenting opinions were filed. This Court subsequently granted allowance of appeal in both cases.[6,7]

spousal legal parent, either adoptive or biological, adopts the children without relinquishment of the existing legal parent's rights. Appellants' Brief at 19.

5. These adoptions were apparently granted without opposition as the instant cases represent the first opportunity for an appellate court to address the issue.

6. As these appeals present a question of law, our scope of review is plenary. *Phillips v. A–Best Products Co.*, 542 Pa. 124, 665 A.2d 1167, 1170 (1995).

7. We note that, hereinafter, the term "Appellants" refers to all four appellants in these consolidated appeals. The fact that the children in *In re: Adoption of R.B.F. and R.C.F.* were adopted by the legal parent as

276 .

 We begin by recognizing that adoption is purely a statutory right, unknown at common law. *In re Adoption of E.M.A.*, 487 Pa. 152, 409 A.2d 10, 11 (1979). To effect an adoption, the legislative provisions of the Adoption Act must be strictly complied with. *Id.* Thus, our analysis is focused entirely on the relevant statutory provisions.

The Adoption Act provides that "[a]ny individual may be adopted, regardless of his age or residence." 23 Pa.C.S. § 2311. Similarly, "[a]ny individual may become an adopting parent." *Id.* at § 2312. Section 2701 sets forth the requisite contents of a petition for adoption filed by a prospective adoptive parent. The requirement at issue here first appears at Section 2701(7), which mandates that "all consents required by section 2711 (relating to consents necessary to adoption) are attached or the basis upon which such consents are not required." *Id.* at § 2701(7). Section 2711(a)(3) provides that consent to an adoption shall be required of the following: "The parents or surviving parent of an adoptee who has not reached the age of 18 years." *Id.* at § 2711(a)(3). Subsection (d) of Section 2711 sets forth the contents of consent and mandates, *inter alia*, that the consent of a parent of an adoptee under 18 years of age include the following statement:

> I understand that by signing this consent I indicate my intent to permanently give up all rights to this child.

*Id.* at § 2711(d)(1).

An exception to this relinquishment provision appears at Section 2903, entitled "Retention of parental status," which provides as follows:

> Whenever a parent consents to the adoption of his child by his spouse, the parent-child relationship between him and his child shall remain whether or not he is one of the petitioners in the adoption proceeding.

*Id.* at § 2903.

 Thus, absent a qualifying provision appearing elsewhere in the Adoption Act, it is clear from a plain reading of

opposed to being biological children of the legal parent, as in *In re: Adoption of C.C.G. and Z.C.G.*, is not relevant to the legal question posed.

these sections that a legal parent must relinquish his parental rights in order to consent to the adoption of his child by a non-spouse. The lower courts properly found that the spousal exception provision in Section 2903 is inapplicable to the instant cases. As noted, 23 Pa.C.S. § 1704 provides that the Commonwealth only recognizes marriages "between one man and one woman." Thus, a same-sex partner cannot be the "spouse" of the legal parent and therefore cannot attain the benefits of the spousal exception to relinquishment of parental rights necessary for a valid consent to adoption.

We addressed the aforementioned provisions in our decision in *In re Adoption of E.M.A.* There, the issue was whether a non-spouse may become an adopting parent of a biological father's child, when the biological father gives only "qualified" consent, retaining his parental rights.[8] Our Court affirmed the denial of the adoption petition on the grounds that the consent given by the biological father did not meet the statutory requirements for adoption by a non-spouse.

We stated:

By its express terms, section 503 [the predecessor to Section 2903] is clearly limited to adoption by the spouse of a natural parent. This statutory provision is available only in private or family adoptions, upon the marriage or remarriage of the natural father or mother. Only in such intra-family adoptions may a natural parent execute a valid consent retaining parental rights.[3] And only in such a husband-wife relationship is the qualified consent legally sufficient for the spouse seeking to become an adopting parent.

---

3 "Private" or "family adoptions", in which a natural parent marries a prospective adopting parent, comprise the vast majority of adoptions in Pennsylvania.

8. The biological parents of the child at issue in *E.M.A.* were never married. The biological mother had no contact with the child and consented to the adoption by the non-spouse. The nature of the relationship between the father and the female non-spouse was not explored in the opinion.

*Id.* at 11.[9]

We went on to hold that our Court has no authority to decree an adoption in the absence of the statutorily required consents. We ruled that to construe the spousal exception as applying to a non-spouse "would be unwarranted and impermissible judicial intrusion into the exclusive legislative prerogative." *Id.* Our Court rejected the appellant's contention that the spousal exception to relinquishment of parental rights is unconstitutional as applied because it discriminates against unmarried persons who wish to adopt. We held that because the Adoption Act did not preclude an unmarried person from adopting a child, it withstood constitutional scrutiny. We concluded "[i]t is appropriate and entirely reasonable for the Legislature to provide, as section [2903] does, a special type of consent available only where there is a husband-wife relationship." *Id.* at 12.

Appellants contend that *E.M.A.* is distinguishable on three grounds. First, they argue that *E.M.A.* involved only Section 2903, which they concede is not applicable in cases involving same-sex partners. Second, they argue that *E.M.A.* did not involve an "intra-family adoption" and the prospective adoptive parent did not reside with the legal parent. Finally, Appellants allege that *E.M.A.* predated the Legislature's amendment of Section 2901, which they argue affords the trial court discretion to waive the statutory requirements necessary for an adoption petition upon a showing of cause.

We shall address these claims seriatim. Initially, we find that although *E.M.A.* focused upon the spousal exception to the relinquishment of parental rights provision, the decision also reinforced the proposition that the judiciary may not engraft exceptions to the statutory consent requirements of an adoption petition. Further, we discount Appellants' characterization of the opinion as relying upon the residence of the prospective adoptive parent or the fact that the prospective adoptive parent was not part of the nuclear family. Rather, the decision was based upon the fact that the prospective

9. The language in Section 2903 is identical to that of former Section 503, which was at issue in E.M.A.

adoptive parent was not the spouse of the biological parent. Thus, the Court concluded that she could not adopt the child absent relinquishment of the father's parental rights.

Appellants' final contention as to why *E.M.A.* is distinguishable, however, is persuasive. It is based upon the subsequent 1982 amendment to Section 2901 of the Adoption Act.[10] Section 2901 states in its entirety:

§ 2901. Time of entry of decree of adoption

*Unless the court for cause shown determines otherwise,* no decree of adoption shall be entered unless the natural parent or parents' rights have been terminated, the investigation required by section 2535 (relating to investigation) has been completed, the report of the intermediary has been filed pursuant to section 2533 (relating to report of intermediary) and all other legal requirements have been met. If all legal requirements have been met, the court may enter a decree of adoption at any time.

23 Pa.C.S. § 2901 (emphasis added).

Appellants argue that the Legislature's amendment of this provision after we decided *E.M.A.* was intended to alter that decision by affording the trial court discretion, upon cause shown, to waive a particular statutory requirement. Appellants clarify that they agree with the lower court's finding that "cause shown" is essentially an explanation as to why the statutory requirements are not met. They submit that the court can exercise its discretion in this regard by first determining the underlying purpose of the statutory requirement that the prospective adoptive parent seeks to excuse. According to Appellants, the court would then determine, upon examination of a factual showing by the petitioner, whether the purpose of the statutory requirement will otherwise be

10. The 1982 amendment rewrote the section, which prior thereto read: "Unless the court for cause shown determines otherwise, no decree of adoption shall be entered unless the adoptee has resided with the petitioner for at least six months prior thereto or, in lieu of such residence, the adoptee is at least 18 years of age or is related by blood or marriage to the petitioner."

met or is irrelevant to the particular circumstances of the case.

■ Appellants contend that the Superior Court erred in holding that they · failed to demonstrate "cause" when they were never given an opportunity to do so. They urge our Court to remand the matter so that they may set forth a factual basis for finding that the purpose of the relinquishment provision would be fulfilled by maintaining the children's relationship with their existing parent. They assert that cause can be demonstrated in the instant cases because, "[h]ere, as in a stepparent adoption, the only means to guarantee family integrity ordinarily achieved through **termination** of existing legal parent's rights would be through **preservation** of that parent's rights." Appellants' Brief at 30 (emphasis supplied).

■ After careful consideration, we agree with Appellants that there is no reasonable construction of the Section 2901 "cause shown" language other than to conclude that it permits a petitioner to demonstrate why, in a particular case, he or she cannot meet the statutory requirements. Upon a showing of cause, the trial court is afforded *discretion* to determine whether the adoption petition should, nevertheless, be granted. The exercise of such discretion does not open the door to unlimited adoptions by legally unrelated adults. Such decisions will always be confined by a finding of cause and a determination of the best interests of the child in each individual case. Moreover, like other trial court decisions, findings of cause will be reviewed on appeal for an abuse of discretion.[11,12]

11. Consistent with this opinion, the Superior Court likewise held that " 'for cause shown' relates to reasons why the statutory requirements of adoption need not be met." *See R.B.F.*, 762 A.2d at 743; *C.C.G.*, 762 A.2d at 729. The court erred, however, in holding that Appellants failed to demonstrate cause when, in fact, they never had an occasion to set forth evidence in support of their assertions.

Relying on *In Interest of Coast*, 385 Pa.Super. 450, 561 A.2d 762 (1989), the Superior Court found that a "best interests of the child" analysis is inappropriate in determining whether cause was established under Section 2901. It held that a "best interest of the child" analysis should not be conducted until *after* the statutory requirements have been satisfied. We do not agree. Such a construction would render

We note that our decision is not creating a judicial exception to the requirements of the Adoption Act, but rather is applying the plain meaning of the terms employed by the Legislature. When the requisite cause is demonstrated, Section 2901 affords the trial court discretion to decree the adoption without termination of the legal parent's rights pursuant to Section 2711(d). An examination of Section 2701(7), which was also amended after *E.M.A.* was decided, comports with our decision as it requires that the necessary consents under Section 2711 be attached to the adoption petition *"or the basis upon which such consents are not required."* 23 Pa.C.S. § 2701(7) (emphasis added). Thus, contrary to our holding in *E.M.A.*, the Legislature contemplated limited circumstances where the requisite consents may not be necessary.

■ Furthermore, a contrary interpretation of the "cause shown" language would command an absurd result as the Adoption Act does not expressly preclude same-sex partners from adopting. *See* 1 Pa.C.S. § 1922(1) (General Assembly does not intend a result that is absurd, impossible of execution or unreasonable). *See also* 23 Pa.C.S. § 2312 (stating that "any individual" can adopt). For example, the denial of Appellants' adoption petitions is premised solely upon the lack of unqualified consent by the existing legal parent. There is no language in the Adoption Act precluding two unmarried same-sex partners (or unmarried heterosexual partners) from

the "cause shown" language meaningless, as a case proceeding under Section 2901 will most likely involve a failure to satisfy the statutory requirements. Also, *In re Coast* and its progeny involved statutory requirements necessary to *terminate* parental rights, rather than those required for *adoption*. The constitutional concerns over state deprivation of parental rights are not implicated in the latter proceeding. Although a determination of "cause" under Section 2901 will not replace a determination of a child's best interests, it will undoubtedly involve, to some degree, an examination of the best interests of the child. Such result is unavoidable, considering the nature of an adoption proceeding.

12. We recognize that the Superior Court followed our *E.M.A.* analysis in its decision in *In re Adoption of K.M.W.*, 718 A.2d 332 (Pa.Super.1998), which was decided after the amendment to Section 2901. We find this decision of little import, however, as the parties in *K.M.W.* did not raise the applicability of Section 2901.

adopting a child who had no legal parents. It is therefore absurd to prohibit their adoptions merely because their children were either the biological or adopted children of one of the partners prior to the filing of the adoption petition. It is a settled rule that in the construction of statutes an interpretation is never to be adopted that would defeat the purpose of the enactment, if any other reasonable construction can be found which its language will fairly bear. *McQuiston's Adoption,* 86 A.2d 205, 206 (Pa.1913).

Another example rendering absurd a contrary interpretation of Section 2901 is Appellants' and supporting *amici's* suggestion that Appellants could have filed their adoption petitions with the requisite unqualified consent of the legal parent, including the relinquishment of parental rights, and then seek to adopt their children jointly.[13] In view of the fact that there appears to be no statutory bar to such approach, our interpretation of Section 2901 avoids such a convoluted procedure that would serve no valid purpose.

Although not directly on point, we also find support for our decision in *In re: Long,* 745 A.2d 673 (Pa.Super.2000), where the Superior Court was called upon to interpret similar "cause shown" language. There, an adoptee sought to recover information regarding her biological parents. At issue was "cause shown" language in another provision of the Adoption Act, Section 2905. Section 2905 provides that all adoption records "shall be kept in the files of the court as a permanent record thereof and withheld from inspection except on an order of court granted *upon cause shown....*" 23 Pa.C.S. § 2905(a) (emphasis added).

On the record presented, the Superior Court could not determine whether the trial court made a factual finding as to whether the appellant demonstrated cause for disclosure of the adoption records as set forth in the statute. The court recognized the lack of guidance as to the meaning of the language employed in Section 2905, as well as the overriding

---

13. Appellants emphasize that it would be a joint procedure whereby parental rights are relinquished and the adoption is granted in the same proceeding. Therefore the risk of having children without legal parents would be virtually eliminated.

privacy concerns of the adoption process and the Adoption Act. The court described "cause" for disclosure as a demonstration, by clear and convincing evidence, that the adoptee's need for adoption information clearly outweighed the considerations behind the statute. *Id.* at 675. Accordingly, the court remanded for an evidentiary hearing at which such a determination could be made.

Presented with a similar dilemma here, we vacate the orders of the Superior Court and remand to the respective trial courts for evidentiary hearings to determine whether Appellants can demonstrate, by clear and convincing evidence, cause as to whether the purpose of Section 2711(d)'s relinquishment of parental rights requirement will be otherwise fulfilled or is unnecessary under the particular circumstances of each case.[14]

Justice EAKIN did not participate in the consideration or decision of this case.

Justice NIGRO concurs in the result.

---

**14.** As we find that the Adoption Act provides Appellants an opportunity to establish cause why the legal parent need not relinquish parental rights, we need not address their contention that the Adoption Act denies equal protection of the law guaranteed by Article I, Section I of the Pennsylvania Constitution as well as the Fourteenth Amendment to the United States Constitution.