J-A33006-14

2015 PA Super 102

| W.C.F., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| | : | |
| | : | |
| M.G., | : | |
| | : | |
| Appellee | : | No. 2128 EDA 2014 |

Appeal from the Order Entered June 17, 2014,
in the Court of Common Pleas of Philadelphia County,
Family Court at No(s): OC1300107

BEFORE:   LAZARUS, WECHT, and STRASSBURGER, JJ.*

DISSENTING OPINION BY STRASSBURGER, J.:       **FILED APRIL 29, 2015**

Because I believe the trial court's order granting a gradual change in custody is in the child's best interest, reasonable in light of the trial court's findings, and supported by the record, I respectfully dissent.

The trial court herein found persuasive the custody evaluator's recommendation.  Accordingly, the trial court indicated that its order was designed to expand Father's time with the child while allowing her to remain in a familiar environment due, in large part, to her age. Trial Court Opinion, 8/20/2014. The learned Majority concludes that the order is contrary to the trial court's determination that the majority of the custody factors are in Father's favor.  Citing to **M.J.M. v. M.L.G.**, 63 A.3d 331 (Pa. Super. 2013), the Majority holds that the **only** factors to be given weighted consideration are those concerning the health and safety of the child.  While **M.J.M.** says

_____

*Retired Senior Judge assigned to the Superior Court.

that, it is not what the words of the statute say, nor would it be a reasonable interpretation. The statute provides that courts shall give weighted consideration to factors which affect the safety of the child, not that weighted consideration may be given **only** to such factors. It would be absurd[1] to hold that a trial court must simply count the factors in favor of

---

[1] When interpreting a statute, we are guided by the Statutory Construction Act, which provides, in relevant, part as follows.

> (a) The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.

> (b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

1 Pa.C.S. § 1921. When the General Assembly enacted the amendments to the Child Custody Act, it did not specifically preclude a trial court from giving weighted consideration to factors other than those that affected the safety of the child. "Finally, it is presumed that the legislature did not intend an absurd or unreasonable result. In this regard, we ... are permitted to examine the practical consequences of a particular interpretation." ***C.B. v. J.B.,*** 65 A.3d 946, 951 (Pa. Super. 2013) (citation omitted) (holding, *inter alia*, that an interpretation of the Custody Act that did not require the trial court to address the 16 statutory factors contemporaneously with its custody order would render the plain language of the statute a nullity, an unreasonable and absurd result clearly not intended by the General Assembly). ***See also In re Adoption of R.B.F.***, 803 A.2d 1195, 1202-03 (Pa. 2002) (holding that "[t]here is no language in the Adoption Act precluding two unmarried same-sex partners (or unmarried heterosexual partners) from adopting a child who had no legal parents. It is therefore absurd to prohibit their adoptions merely because their children were either the biological or adopted children of one of the partners prior to the filing of the adoption petition.").

each parent and award custody to the side with more. Such a system is contrary to the overarching best interest of the child analysis and fails to consider that each custody case presents a unique set of circumstances in which certain factors may need to be given additional weight.

One of these can be the primary caretaker factor. **M.J.M.** has sometimes been cited as holding that the primary caretaker doctrine has been abolished. That is a misreading of the case. "The considerations embraced by the primary caretaker doctrine have been woven into the statutory factors, such that they have become part and parcel of the mandatory inquiry." **M.J.M.**, 63 A.3d at 339. Those are factors 3, "[t]he parental duties performed by each party on behalf of the child," and 4, "[t]he need for stability and continuity in the child's education, family life and community life." 23 Pa.C.S. § 5328(a). If the primary caretaker doctrine ever were applicable only where it would "tip the scales" where both parents are fit,[2] such is no longer the case now that the statute contains factors 3 and 4.

---

[2] As this Court has noted

> [t]here are published decisions from this Court containing statements that suggest that the primary caretaker doctrine applies to all custody determinations. *See, e.g., Durning v. Balent/Kurdilla*, 19 A.3d 1125, 1129 (Pa. Super. 2011) ("When conducting a best-interests analysis, a court must give positive consideration to the parent who has been the primary caregiver.") [citation omitted]; *Klos v. Klos,* 934 A.2d 724, 729

Relevant to the case at bar, at this juncture, due in large part to the child's age, Mother's ability to meet the child's daily needs and the child's need for stability and continuity weigh in favor of a gradual increase in custody. The trial judge's holding to this effect is not an abuse of discretion. Accordingly, I would affirm the order of the trial court.

---

n. 4 (Pa. Super. 2007) (same), **Collins v. Collins**, 897 A.2d 466, 473 (Pa. Super. 2006) (same).

**M.J.M.**, 63 A.3d at 338 n. 9. **See also S.J.S. v. M.J.S.**, 76 A.3d 541, 551 (Pa. Super. 2013) (holding that the trial court gave proper weight to Mother's role as primary caretaker of children but that this factor "did not outweigh other factors in the best interest analysis."). Unlike the Majority, I believe these cases were correctly decided.