J-S53001-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: TERMINATION OF PARENTAL RIGHTS TO P.B.W.-V., A MINOR | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: M.W., MOTHER, AND S.J. | : : : : : : | No. 1483 EDA 2020 |

Appeal from the Decree Entered July 1, 2020
In the Court of Common Pleas of Lehigh County
Orphans' Court at No(s): No. A2019-0097

BEFORE: SHOGAN, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SHOGAN, J.:           **FILED: JANUARY 25, 2021**

Appellants, M.W. ("Mother") and Mother's fiancé, S.J. ("Fiancé"), appeal from the final decree dated June 30, 2020, and entered on July 1, 2020. The decree dismissed Mother and Fiancé's petition for adoption of P.B.W.-V. ("Child"), born in August 2012, finding that they had not established good cause for their failure to comply with 23 Pa.C.S. § 2901 or for the court to extend the applicability of 23 Pa.C.S. § 2903 to Fiancé. The decree additionally dismissed as moot the companion petition to involuntarily

---

[*] Retired Senior Judge assigned to the Superior Court.

terminate the parental rights of A.V., Child's biological father ("Father") pursuant to 23 Pa.C.S. § 2511.[1]  After careful review, we affirm the decree.

The record reflects that on December 20, 2019, Mother filed a petition to terminate Father's parental rights.[2]  Petition for Involuntary Termination of Parental Rights, 12/20/19.  Additionally, Appellants filed a joint petition for adoption of Child.  Petition for Adoption, 12/20/19.  Child, Mother, and Fiancé have resided together as a family unit since 2014.  N.T., 6/25/20, at 7.  Moreover, Fiancé has been Child's sole father-figure throughout Child's young life.  *Id*. at 19.  Fiancé has been very involved with Child and his upbringing, including feeding, changing diapers, participating in morning and bedtime routines, and helping with homework.  *Id*. at 8-9.  Mother and Fiancé have been engaged since 2016.  *Id*. at 11, 20.  They delayed their wedding due to concerns regarding Mother's and Child's surnames following the marriage.[3]  *Id*. at 12, 15-16, 20.

By orders dated December 27, 2019, the court directed Mother and Fiancé to serve Father with the termination petition and to file a report of

_____

[1] Father did not file a separate appeal and did not participate in the instant appeal.

[2] Mother and Fiancé sought to terminate Father's parental rights pursuant to 23 Pa.C.S. § 2511(a)(1).  Petition for Involuntary Termination of Parental Rights, 12/20/19.

[3] Mother and Fiancé mistakenly believed that Mother's surname would automatically change to Fiancé's upon marriage, leaving Child with a different surname.  N.T., 6/25/20, at 12, 15-16, 20, 22-23.

intention to adopt. The court additionally scheduled a termination hearing for February 14, 2020. Subsequently, counsel entered her appearance on behalf of Mother and Fiancé on January 14, 2020, and a report of intention to adopt was filed on January 24, 2020.

On January 31, 2020, a hearing on the petition for adoption was scheduled for February 10, 2020. Pursuant to an order filed on February 12, 2020,[4] the orphans' court continued the termination hearing due to the inability to serve Father, and all matters were re-listed for May 15, 2020. On March 3, 2020, the orphans' court filed an order stating:

> [Appellants] shall appear before the undersigned on May 15, 2020 at 9:30 a.m. for a hearing to show cause why they should be permitted to proceed with the Petition For Adoption without the termination of Mother's parental rights as required by 23 Pa.C.S.A. §2901, and why the statutory exception to such termination, set forth at 23 Pa.C.S.A. §2903, should be extended to apply to a minor's adoption by a parent's fiancé; and,
>
> IT IS FURTHER ORDERED that the [Petition for Involuntary Termination of Parental Rights] shall be removed from the May 15, 2020 Hearing List and a ruling upon [Appellants'] request for the appointment of a *guardian ad litem* and/or counsel for [Child] is deferred.[1]
>
> > [1] If [Appellants] fail to establish sufficient "cause" to permit the adoption without termination of Mother's rights, the [Petition for Involuntary Termination of Parental Rights] would be rendered moot and there would be no need to require [Appellants] to locate and serve Father with the [Petition for Involuntary Termination of Parental Rights] and notice of hearing,

---

[4] The February 12, 2020 order bears a handwritten date of "February 20." However, the record reflects that the order was filed and docketed on February 12, 2020.

J-S53001-20

> or to rule upon Petitioners' request for appointment of
> a *guardian ad litem* or counsel for the minor pursuant
> to 2[3] Pa. C.S.A. §2313(a).

Order, 3/3/20, at 1-2. The show-cause hearing was continued to June 25, 2020. Order, 4/29/20.

The court held the show-cause hearing on June 25, 2020. At the hearing, Appellants were represented by counsel, and both Mother and Fiancé testified remotely. N.T., 6/25/20, at 4. Father was not present or represented by counsel. Following the hearing, in a final decree filed on July 1, 2020, the orphans' court concluded that Mother and Fiancé had neither established good cause for their failure to comply with 23 Pa.C.S. § 2901 nor provided a basis upon which the orphans' court could extend the applicability of 23 Pa.C.S. § 2903 to Fiancé. Thus, the court dismissed the petition for adoption. Additionally, the orphans' court dismissed the petition to involuntarily terminate the parental rights of Father pursuant to 23 Pa.C.S. § 2511 as moot.

Mother and Fiancé filed a timely notice of appeal on July 30, 2020, along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). The orphans' court filed its Pa.R.A.P. 1925(a) opinion on August 26, 2020.

On appeal, Appellants raise the following issues for our review:

1. Whether the [o]rphan's [c]ourt abused its discretion and committed an error of law by determining, prior to a [h]earing on the [i]nvoluntary [t]ermination of [p]arental [r]ights, that the adoption of child by proposed adoptee was not permissible under the Pennsylvania Adoption Act[?]

- 4 -

2. Whether the [o]rphan's [c]ourt abused its discretion and committed an error of law by determining that [Appellants] failed to establish "cause" under Section 2901, to permit an adoption without terminating biological Mother's rights and adoption by proposed adoptee, prior to a [h]earing on the merits of the [i]nvoluntary [t]ermination of [p]arental [r]ights of biological [f]ather, and when sufficient evidence was presented to demonstrate that the proposed adoption would create a new parent-child relationship, create a new family unit, and further the best interests of the child[?]

3. Whether the [o]rphan's [c]ourt abused its discretion and committed an error of law by issuing a Final Decree and [d]ismissing as [m]oot the Petition for Involuntary Termination of Parental Rights of biological [f]ather before service of said Petition was ever made on biological [f]ather and before a [h]earing on the merits could be held[?]

4. Whether the [o]rphan's [c]ourt abused its discretion and committed an error of law by holding a separate Rule to Show Cause Hearing, not authorized or required by the Adoption Act, on [Appellants'] worthiness to proceed with a [h]earing on the [i]nvoluntary [t]ermination of [p]arental [r]ights of biological [f]ather and proposed [a]doption[?]

Appellants' Brief at 6-7.

The Adoption Act is codified at 23 Pa.C.S. §§ 2101-2938; we note that in Pennsylvania, adoption is purely a statutory right. *In re E.M.I.*, 57 A.3d 1278, 1284 (Pa. Super. 2012) (citation omitted). "[T]he interpretation and application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law." *Wilson v. Transport Ins. Co.*, 889 A.2d 563, 570 (Pa. Super. 2005). "As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary." *In re Wilson*, 879 A.2d 199, 214 (Pa. Super. 2005) (*en banc*). Moreover:

- 5 -

> [We] are constrained by the rules of statutory interpretation, particularly as found in the Statutory Construction Act. 1 Pa.C.S.[] §§ 1501-1991. The goal in interpreting any statute is to ascertain and effectuate the intention of the General Assembly. Our Supreme Court has stated that the plain language of a statute is in general the best indication of the legislative intent that gave rise to the statute. When the language is clear, explicit, and free from any ambiguity, we discern intent from the language alone, and not from the arguments based on legislative history or "spirit" of the statute. We must construe words and phrases in the statute according to their common and approved usage. We also must construe a statute in such a way as to give effect to all its provisions, if possible, thereby avoiding the need to label any provision as mere surplusage.

*Cimino v. Valley Family Medicine*, 912 A.2d 851, 853 (Pa. Super. 2006) (quoting *Weiner v. Fisher*, 871 A.2d 1283, 1285-1286 (Pa. Super. 2005)); *see also* 1 Pa.C.S. § 1921(b) (providing, *inter alia*, "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly."). Pursuant to 1 Pa.C.S. § 1921(c), "[i]t is only when the words of a statute are not explicit that a court may resort to other considerations, such as the statute's perceived purpose, in order to ascertain legislative intent." *Sternlicht v. Sternlicht*, 876 A.2d 904, 909 (Pa. 2005) (internal quotation marks omitted). Finally, "it is presumed that the legislature did not intend an absurd or unreasonable result. In this regard, we … are permitted to examine the practical consequences of a particular interpretation." *Commonwealth v. Diakatos*, 708 A.2d 510, 512 (Pa. Super. 1998).

The crux of Appellants' appeal is that the orphans' court erred in addressing the validity of the proposed adoption prior to the requested

termination of Father's parental rights and a termination hearing. Appellants'
Brief at 16-25. Appellants maintain that an intended or anticipated adoption
is sufficient to require a termination hearing. *Id*. at 16. They assert "The
relevant caselaw supports the argument that a factual averment of an intent
to adopt is sufficient to obtain a hearing on the termination petition. Then, at
the termination hearing, the court must then evaluate the 'proposed adoption'
that was averred in the petition." *Id*. at 24-25. Appellants continue:

> The [o]rphan's [c]ourt in this matter improperly scrutinized the
> "anticipated adoption" before, and outside the context of, a
> termination hearing. The [o]rphan's [c]ourt did not engage in an
> analysis of the termination petition, which includes consideration
> of the "anticipated adoption" per Section 2511(b), because a
> hearing on same was [n]ever held.

*Id*. at 17. Appellants contend "The [o]rphan's [c]ourt erroneously generated
its own procedure, holding a hearing on a proposed adoption before a hearing
on the termination of parental rights." *Id*. at 21.

As noted above, adoption is a purely statutory right. *E.M.I.*, 57 A.3d at
1284. Our Supreme Court has held:

> To effect an adoption, the legislative provisions of the Adoption
> Act must be strictly complied with. [***In re Adoption of
> E.M.A.****,* 409 A.2d 10, 11 (Pa. 1979)]. Thus, our analysis is focused
> entirely on the relevant statutory provisions.
>
> The Adoption Act provides that "[a]ny individual may be adopted,
> regardless of his age or residence." 23 Pa.C.S. § 2311. Similarly,
> "[a]ny individual may become an adopting parent." [***Id.***] at §
> 2312. Section 2701 sets forth the requisite contents of a petition
> for adoption filed by a prospective adoptive parent. …

***In re Adoption of R.B.F.***, 803 A.2d 1195, 1199 (Pa. 2002). The Adoption

Act provides, in part, as follows:

> A petition for adoption shall set forth:
>
> > (1) The full name, residence, marital status, age, occupation, religious affiliation and racial background of the adopting parent or parents and their relationship, if any, to the adoptee.
> >
> > (2) That the reports under sections 2530 (relating to home study and preplacement report), 2531 (relating to report of intention to adopt) and 2533 (relating to report of intermediary) have been filed, if required.
> >
> > (3) The name and address of the intermediary, if any.
> >
> > (4) The full name of the adoptee and the fact and length of time of the residence of the adoptee with the adopting parent or parents.
> >
> > (5) If there is no intermediary or if no report of the intermediary has been filed or if the adoptee is over the age of 18 years, all vital statistics and other information enumerated and required to be stated of record by section 2533, so far as applicable.
> >
> > (6) If a change in name of the adoptee is desired, the new name.
> >
> > (7) That all consents required by section 2711 (relating to consents necessary to adoption) are attached as exhibits or the basis upon which such consents are not required.
> >
> > (8) That it is the desire of the petitioner or the petitioners that the relationship of parent and child be established between the petitioner or petitioners and the adoptee.
> >
> > (9) If no birth certificate or certification of registration of birth can be obtained, a statement of the reason therefor and an allegation of the efforts made to

obtain the certificate with a request that the court establish a date and place of birth at the adoption hearing on the basis of the evidence presented.

23 Pa.C.S. § 2701.

As to consent to adoption, 23 Pa.C.S. § 2711 states, in part, as follows:

**(a) General rule.--**Except as otherwise provided in this part, consent to an adoption shall be required of the following:

(1) The adoptee, if over 12 years of age.

(2) The spouse of the adopting parent, unless they join in the adoption petition.

(3) The parents or surviving parent of an adoptee who has not reached the age of 18 years.

(4) The guardian of an incapacitated adoptee.

(5) The guardian of the person of an adoptee under the age of 18 years, if any there be, or of the person or persons having the custody of the adoptee, if any such person can be found, whenever the adoptee has no parent whose consent is required.

* * *

**(d) Contents of consent.**--

(1) The consent of a parent of an adoptee under 18 years of age shall set forth the name, age and marital status of the parent, the relationship of the consenter to the child, the name of the other parent or parents of the child and the following:

I hereby voluntarily and unconditionally consent to the adoption of the above named child.

I understand that by signing this consent I indicate my intent to permanently give up all rights to this child.

> I understand such child will be placed for
> adoption.
>
> * * *

23 Pa.C.S. § 2711(a)(1)-(5), (d).

Further, as to retention of parental rights, the Adoption Act states:

> Unless the court for cause shown determines otherwise, no decree
> of adoption shall be entered unless the natural parent or parents'
> rights have been terminated, the investigation required by Section
> 2535 (relating to investigation) has been completed, the report of
> the intermediary has been filed pursuant to Section 2533 (relating
> to report of intermediary) and all other legal requirements have
> been met.  If all legal requirements have been met, the court may
> enter a decree of adoption at any time.

23 Pa.C.S. § 2901.  However, 23 Pa.C.S. § 2903 provides an exception to

Section 2901:

> Whenever a parent consents to the adoption of his child by his
> spouse, the parent-child relationship between him and his child
> shall remain whether or not he is one of the petitioners in the
> adoption proceeding.

23 Pa.C.S. § 2903; *see also Adoption of R.B.F.*, 803 A.2d at 1199-1200

(remanding for a determination of cause pursuant to Section 2901 and stating,

"Thus, absent a qualifying provision appearing elsewhere in the Adoption Act,

it is clear from a plain reading of these sections that a legal parent must

relinquish his parental rights in order to consent to the adoption of his child

by a non-spouse.").

With respect to the filing of a petition to terminate parental rights, the

Adoption Act states:

**(a) Who may file.--**A petition to terminate parental rights with respect to a child under the age of 18 years may be filed by any of the following:

> (1) Either parent when termination is sought with respect to the other parent.
>
> (2) An agency.
>
> (3) The individual having custody or standing in loco parentis to the child and who has filed a report of intention to adopt required by section 2531 (relating to report of intention to adopt).
>
> (4) An attorney representing a child or a guardian ad litem representing a child who has been adjudicated dependent under 42 Pa.C.S. § 6341(c) (relating to adjudication).

**(b) Contents.--**The petition shall set forth specifically those grounds and facts alleged as the basis for terminating parental rights.  The petition filed under this section shall also contain an averment that the petitioner will assume custody of the child until such time as the child is adopted.  If the petitioner is an agency it shall not be required to aver that an adoption is presently contemplated nor that a person with a present intention to adopt exists.

23 Pa.C.S. § 2512(a), (b).[5]  As suggested by Section 2512(b), where an agency is not involved, there must be a contemplated or intended adoption.

---

[5]  During the pendency of this appeal, Section 2512(b) was amended as follows:

**(b) Contents.--**The following apply:

> (1) The petition shall set forth specifically those grounds and facts alleged as the basis for terminating parental rights.

A petition to terminate a natural parent's parental rights, filed by one natural parent against the other under Section 2512(a)(1), is cognizable only if an adoption of the child is foreseeable. Even when a Section 2512(a)(1) petition might satisfy the statutory requirements for termination, a court still cannot grant the petition without a corresponding plan for an anticipated adoption of the child. A "contemplated adoption" is required in this context because Section 2512(a)(1) was not designed as a punitive measure to penalize an ineffective or negligent parent.

*E.M.I.*, 57 A.3d at 1285 (internal citations omitted).

Lastly, we highlight the holding from *In re Adoption of M.R.D.*, 145 A.3d 1117 (Pa. 2016). In that case, our Supreme Court reversed the termination of a father's parental rights where a mother, without relinquishing her parental rights to the child, sought to terminate the father's parental rights. Mother endeavored to terminate the father's parental rights in order for the maternal grandfather to adopt the child. In finding there was not a valid contemplated adoption, our Supreme Court stated:

---

(2) Except as provided in paragraph (3), the petition filed under this section shall also contain an averment that the petitioner will assume custody of the child until such time as the child is adopted.

(3) If the petitioner is a parent and section 2514 (relating to special provisions when child conceived as a result of rape or incest) applies, or if the petitioner is an agency, the petitioner shall not be required to aver that an adoption is presently contemplated nor that a person with a present intention to adopt exists.

23 Pa.C.S. § 2512(b). However, the amended version does not impact our analysis as it applies only to petitions to involuntarily terminate parental rights filed on or after December 28, 2020.

- 12 -

Section 2512(a) of the Adoption Act sets forth the parties who may file a petition for involuntary termination, including, *inter alia*, a parent or agency. In contrast to an agency petition, a parent petitioning to terminate parental rights of the child's other parent must file a termination petition containing an averment that the petitioner will assume custody of the child **until such time as the child is adopted**. Thus, the petitioning parent must demonstrate that an adoption of the child is anticipated in order for the termination petition to be cognizable. Section 2512(b)'s adoption requirement is consistent with the rationale behind permitting the involuntary termination of a parent's rights, which we have explained is to dispense with the need for parental consent to adoption when, by choice or neglect, a parent has failed to meet the continuing needs of the child, rather than to punish an ineffective or negligent parent, or provide a means for changing the surname of the child.

Because a termination petition filed by one parent against the other must occur in the context of an anticipated adoption, and because adoption is a statutory right, we note that the parent seeking termination must strictly comply with all pertinent provisions of the Adoption Act in order for the adoption to be valid. While the Adoption Act provides that "[a]ny individual may become an adopting parent," 23 Pa.C.S. [§ 2312], relevant to the instant matter, Section 2711 of the Act requires the parent seeking termination to consent to the adoption and to relinquish his or her parental rights. Requiring parental consent to the adoption and the relinquishment of his or her parental rights permits the child and the adoptive parent or parents to establish a new parent-child relationship. Thus, where no new parent-child relationship is contemplated, the involuntary termination of parental rights is not permitted under the Adoption Act.

* * *

The purpose behind the termination or relinquishment of an existing parent's rights prior to an adoption is to facilitate a "new parent-child relationship" between the child and the adoptive parent, and to protect "the integrity and stability of the new family unit."

***Adoption of M.R.D.***, 145 A.3d at 1120, 1127-1128 (emphasis in original)

(some internal citations and quotation marks omitted) (footnotes omitted).[6]

In the instant case, the orphans' court determined that the petition for

adoption should be dismissed, and the termination petition was moot. The

orphans' court reasoned as follows:

> Because adoption is a purely statutory right and the legislative provisions of the Adoption Act must be strictly complied with, ***In re Adoption of E.M.A.***, 487 Pa. 152, 155, 409 A.2d 10, 11 (Pa. 1979), we dismissed the *Petition for Adoption* for failure to comply with the consent requirements and dismissed [the termination petition] as moot because it cannot be considered without a viable pending adoption, ***See*** 23 Pa.C.S. § 2512(b); ***In re E.M.I.***, 57 A.3d 1278, 1286 (Pa. Super. 2012) (termination petition of one biological parent against the other, per Section 2512(a)(1), is cognizable only as an aid to adoption).
>
> A legal parent must relinquish her parental rights in order to consent to the adoption of her child by a non-spouse. ***In re***

---

[6] The Court in ***Adoption of M.R.D.*** also recognized:

> By contrast, in second-parent adoption cases in which the relinquishment of a parent's rights is not required—i.e., stepparent adoptions and adoptions by same-sex couples— relinquishment of the parent's rights is unnecessary, and indeed damaging. In such cases, the parent and the prospective adoptive parent are committed partners—that is, they are involved in a horizontal relationship, are equals as between each other, and are equals with respect to the child. Adoption in such circumstances allows the prospective adoptive parent to create a new parent-child relationship with the legal parent's child and a family unit *together with* the co-parent to whom he or she is committed. Thus, because the legal parent and prospective parent in second-parent adoption cases are part of the same family unit, the relinquishment requirement undermines, rather than promotes, family stability.

***M.R.D.***, 145 A.3d at 1128 (emphasis in original).

> ***Adoption of R.B.F.***, 569 Pa. at 276, 277, 803 A.2d at 1199
> (referencing 23 Pa.C.S. § 2903). The language of 23 Pa.C.S.
> § 2901 permits a petitioner to demonstrate by clear and
> convincing evidence why, in a particular case, he or she cannot
> meet the statutory requirements. ***Id***., 569 Pa. at 283, 803 A.2d
> at 1203. The exercise of this discretion by the court does not open
> the door to unlimited adoptions by legally unrelated adults. ***Id***.,
> 569 Pa. at 280, 803 A.2d at 1202. We exercised our discretion in
> holding a hearing to give [Appellants] the opportunity to provide
> clear and convincing evidence as to why they could not meet the
> statutory requirements.
>
> [Appellants'] testimony clearly and unequivocally
> established that they had not married before instituting adoption
> proceedings because of their mistaken belief that Mother's
> surname would automatically change to [Fiancé's] surname upon
> their marriage, and Mother did not want the adoptee to question
> why his name was different from his mother's name. This
> mistaken belief was corrected prior to the hearing. This is not a
> case where the [Appellants] cannot meet the statutory
> requirements, because, for example, one of the petitioners is
> involved in protracted and complex divorce proceedings that
> precludes remarriage in the foreseeable future, a case where a
> marriage would not be legal, or a case in which a marriage would
> have a significant adverse economic impact on one of the
> petitioners. In fact, [Appellants] have been engaged to be
> married since 2016 and are planning a wedding at this time. In
> other words, [Appellants] can satisfy the statutory requirements
> of the Adoption Act. They have simply chosen not to do so.
>
> Our ruling in this case is without prejudice to [Appellants']
> re-filing both petitions, at such time as they can satisfy the
> requirements of 23 Pa.C.S. §§ 2901 and 2903.

Orphans' Court Opinion, 8/26/20, at unnumbered 3-4 (citations to the record

omitted; footnote omitted).

However, after careful review, we need not examine the orphans' court's

decision to address the proposed adoption prior to and separate from the

requested termination of Father's parental rights. Pennsylvania Rule of

Appellate Procedure 302(a) provides for the waiver of issues not first raised in the lower court ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). *See* Pa.R.A.P. 302(a) (providing for waiver of issues not first raised in lower court); *see also **Fillmore v. Hill***, 665 A.2d 514, 515-516 (Pa. Super. 1995) (stating, "to preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court. Failure to timely object to a basic and fundamental error, such as an erroneous jury instruction, will result in waiver of that issue. On appeal, the Superior Court will not consider a claim which was not called to the trial court's attention at a time when any error committed could have been corrected.") (citations omitted).

As stated, all of Appellants' issues involve and assail the orphans' court's decision to issue a ruling on the petition for adoption **prior to and separate from** the termination of Father's parental rights. Appellants' Brief at 6-7. Critically, Appellants did not object to the orphans' court's cancellation of the termination hearing and deferral of this issue pending the show-cause hearing. "No objections were filed to the scheduling orders, which were clearly premised upon the court's view that the expenditure of time, effort and costs to effectuate proper service of [the termination petition] was not warranted, unless the Petition for Adoption could proceed without Mother relinquishing her parental rights." Orphans' Court Opinion, 8/26/20, at unnumbered 2-3. Furthermore, Appellants participated in the show-cause hearing and were

- 16 -

represented by counsel. Nonetheless, counsel failed to assert any objection to proceeding with a show-cause hearing prior to a hearing or decision with respect to the petition for the involuntary termination of parental rights or the failure to serve Father with said petition. *Id*. at unnumbered 3. Appellants' lack of objection is demonstrated in the following interaction from the beginning of the hearing:

> THE COURT: Good afternoon. You may be seated. You may sit down. I'm going to have you stand in a minute, so sit down. Okay.
>
> Good afternoon. We are here with regard to the matter of the adoption of [Child] … . The scheduled purpose for today is a hearing to show cause why the [c]ourt should permit the adoption to proceed without the termination of the mother's parental rights as required by 23 Pa.C.S.[§] 2901.
>
> [Counsel], you are here on behalf of [Appellants]?
>
> [COUNSEL]: I am, Your Honor.
>
> THE COURT: Okay. And are you prepared to proceed with a hearing?
>
> [COUNSEL]: Yes, Your Honor.

N.T., 6/25/20, at 4.

Appellants failed to object to the proceedings and chose to move forward with the show-cause hearing relative to the petition for adoption prior to a ruling or hearing on the petition for the involuntary termination of parental rights. Appellants cannot now challenge the orphans' court's procedure, and their failure to object waived all of their issues on appeal. Pa.R.A.P. 302(a);

***Fillmore***, 665 A.2d at 515-516.  We, therefore, affirm the orphans' court's decree.[7]

Decree affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/25/21

---

[7] We reiterate, however, that the orphans' court's decree was entered without prejudice to Appellants' ability to re-file both petitions and satisfy the requirements set forth in the Adoption Act.  Orphans' Court Opinion, 8/26/20, at unnumbered 4.