J-A17014-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| IN RE: C.F.G., A MINOR | : IN THE SUPERIOR COURT OF |
| | : PENNSYLVANIA |
| | : |
| APPEAL OF: H.M.W. | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : No. 177 WDA 2018 |

Appeal from the Order Entered January 3, 2018
In the Court of Common Pleas of Clearfield County
Orphans' Court at No(s):  3378-2016


BEFORE:  OTT, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    FILED JULY 27, 2018

H.M.W. ("Mother") appeals from the order of the Orphans' Court Division of the Court of Common Pleas of Clearfield County, entered January 3, 2018, that dismissed her amended petition for involuntary termination of the parental rights of K.M.G. ("Father") to their child, C.F.G. ("the Child"), born in 2010.  We affirm.

The parties have an "extensive history" of custody actions involving the Child.  Trial Court Opinion, 3/1/2018, at 1.  The current action commenced on July 7, 2016, when Mother filed a petition for involuntary termination of Father's parental rights to the Child.  On December 29, 2017, Mother filed an amended petition pursuant to 23 Pa.C.S. § 2511(a)(2), (5) and § 2511(b).  Am. Pet. for Termination of Parental Rights, 12/29/2017, at ¶¶ 32, 35, 41.  The amended termination petition averred that the Child's maternal aunt, A.C.W. ("Maternal Aunt"), "is ready[,] willing and able to adopt the child

should the Court deem that an adoptive parent is necessary." Id. at ¶ 47. The trial court dismissed the amended petition on January 3, 2018. See Order, 1/3/2018. "The Petition was denied on the basis that Mother did not include an averment that an adoption by an additional party serving a parental role for the Child was foreseeable, as is required in Pennsylvania." Trial Court Opinion, 3/1/2018, at 1 (citations omitted). Mother now appeals.[1]

Mother raises the following challenges on appeal:

ISSUE 1: Did the [trial] court err when it dismissed the Amended Petition for Involuntary Termination of Parental Rights filed by Petitioner, Mother?

ISSUE 2: Did the [trial] court err when it found that Petitioner Mother failed to comply with the provisions of 23 Pa.C.S.[ §] 2512 by failing to properly aver that an adoption is presently contemplated or that a person with a present intention to adopt exists, as Petitioner Mother did aver that the [C]hild's maternal aunt is ready[,] willing and able to adopt the [C]hild should the [c]ourt deem that an adoptive parent is necessary?

ISSUE 3: Did the [trial] court err in refusing to allow Petitioner Mother to present evidence and testimony that the best interests of the [C]hild would be served by allowing [M]aternal [A]unt to adopt the [C]hild?

ISSUE 4: Did the [trial] court err when it dismissed the Amended Petition for Involuntary Termination because the [c]ourt failed to consider that the requirements of section 2512 violate Petitioner Mother's right to equal protection under both the Pennsylvania and United States' Constitutions?

ISSUE 5: Does section 2512 as written violate Petitioner Mother's rights as the statute does not require an agency to

_____

[1] Mother timely filed her notice of appeal and concise statement of errors complained of on appeal on January 30, 2018. See Pa.R.A.P. 1925(a)(2)(i). The trial court entered its opinion on March 1, 2018. See Pa.R.A.P. 1925(a)(2)(ii).

provide an averment that an adoption is presently contemplated nor that a person with a present intention to adopt exists, however Petitioner Mother is required to aver that petitioner will assume custody of the [C]hild until such time as the [C]hild is adopted.

ISSUE 6: In addition, does section 2512 violate Petitioner Mother's rights since the statute provides the agency with the authority to adopt children to families with only one parent, then the [C]hild's biological mother should be permitted to have Father's rights terminated without an adoptive parent as well.

Mother's Brief at 6-7.

A petition to terminate a natural parent's rights involuntarily filed by one parent against the other parent is only cognizable when it is accompanied by an intention to adopt the child. In re L.J.B., 18 A.3d 1098, 1107 (Pa. 2011) (Baer, J., with one justice concurring and two justices concurring in result) (citing 23 Pa.C.S. § 2512(b) (providing that, only if a children and youth agency is moving for termination may such termination proceed without a concomitant intent to adopt the child by a prospective stepparent)); In re E.M.I., 57 A.3d 1278, 1285 (Pa. Super. 2012) (citing 23 Pa.C.S. § 2512(a)(1), (b); L.J.B., 18 A.3d at 1107; In re B.E., 377 A.2d 153, 154 (Pa. 1977) (petition filed by one biological parent for involuntary termination of other biological parent's parental rights can survive only "in connection with a plan for adoption"; affirming denial of biological mother's petition for involuntary termination of biological father's parental rights, even upon proof of natural father's abandonment of child, absent mother's plan to have child adopted by stepparent or any other person)). "A 'contemplated adoption' is required in this context because Section 2512(a)(1) was not designed as a punitive

measure to penalize an ineffective or negligent parent." Id. (citing B.E., 377 A.2d at 156).

We agree with the trial court that Maternal Aunt is not a proper party to adopt the Child. See Trial Court Opinion, 3/1/2018, at 3; contra Mother's Brief at 12-22. Albeit that the Adoption Act[2] states that "[a]ny individual may become an adopting parent[,]" 23 Pa.C.S. § 2312, and that we find no case law where an aunt or uncle was held to be an improper prospective adoptive parent, there are cases where a grandparent was not permitted to be the prospective adoptive parent. In the most recent, In re Adoption of M.R.D., 145 A.3d 1117, 1118, 1126 (Pa. 2016), maternal grandfather was not permitted to adopt minor children with children's mother without mother also relinquishing her parental rights; like the Maternal Aunt in the current action, maternal grandfather had been listed as the prospective adoptive parent, as a means to facilitate termination of the biological father's parental rights. The Pennsylvania Supreme Court held that, since grandfather and mother were not part of an intact "family unit," relinquishment was necessary to avoid "unique complications," such as "confusing hybrid relationships within the family" and potential future legal disputes regarding legal rights over the children. Id. at 1128. It continued that allowing for such an adoption would,

> open the door for misuse of adoption proceedings by spiteful parents as a means to involuntarily terminate the rights of unwanted parents, potentially allowing grandparents, cousins, pastors, coaches, and a litany of other individuals who have a

_____

[2] The Adoption Act is codified at 23 Pa.C.S. §§ 2101-2938.

- 4 -

close relationship with a child to stand in as prospective adoptive parents so that termination may be achieved.

Id. at 1129. See also In re Adoption of K.M.W., 718 A.2d 332 (Pa. Super. 1988) (denial of adoption by grandmother where mother retains parental rights).

In the current case, there is no evidence in the record to suggest that Mother and Maternal Aunt were part of the same "family unit." M.R.D., 145 A.3d at 1128. Additionally, even though aunts and uncles are not specifically listed by M.R.D., its litany of inappropriate prospective adoptive parents includes other extended family members, i.e., "cousins." Id. at 1129. For these reasons, we conclude that M.R.D. precludes Maternal Aunt from being a proper prospective adoptive parent.[3]

As for Mother's challenges to the constitutionality of 23 Pa.C.S. § 2512, see Mother's Brief at 18-26, we observe that Mother failed to comply with the requirements of Pa.R.C.P. 235; she did not "give notice thereof by registered mail to the Attorney General of Pennsylvania together with a copy of the

_____

[3] In her brief to this Court, Mother cites to In re Adoption of J.M., 991 A.2d 321 (Pa. Super. 2010), in which this Court affirmed the termination of a father's parental rights where the prospective adoptive parent was the child's maternal grandfather. Mother's Brief at 5, 16-17. This Court never reached the question in J.M. as to whether the grandfather's adoption of the child was appropriate, instead remanding for additional proceedings. J.M., 991 A.2d at 321. J.M. can also be distinguished from the current matter, because no one in J.M. ever raised the issue of whether maternal grandfather had standing pursuant to Section 2512. Id. at 322 n.1. We therefore conclude that J.M. is not controlling.

pleading or other portion of the record raising the issue and shall file proof of the giving of the notice."[4] Mother has thus failed to adhere to the Rules of Civil Procedure and therefore waived all constitutional challenges to Section 2512. See, e.g., Potts v. Step By Step, Inc., 26 A.3d 1115, 1122 (Pa. Super. 2011); Weinberg v. Comcast Cablevision of Phila., L.P., 759 A.2d 395, 398 (Pa. Super. 2000).

Hence, we affirm the trial court's order dismissing Mother's petition for termination of Father's parental rights to the Child.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/2018

_____

[4] Mother's attempt to ameliorate this error by sending notice to the Attorney General when she filed her appeal and after the trial court dismissed her amended petition, see Notice to Att'y Gen. of Challenge to Constitutionality of Statute Pursuant to Pa.R.A.P. 521, 1/30/2018, still fails to preserve her claim. See Hill v. Divecchio, 625 A.2d 642, 649 (Pa. Super. 1993) ("mother's failure to comply with Pa.R.Civ.P. 235 will not be excused by a belated notice filing under Pa.R.App.R. 521(a), and we are constrained to find her constitutional challenges to [statute] waived on appeal.").