J-S21016-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| IN RE: S.L.M. IN RE: T.L.M. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: T.L.M. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 3 WDA 2020 |

Appeal from the Order Entered December 3, 2019
In the Court of Common Pleas of Blair County Orphans' Court at No(s):
2018 AD 37,
2018 AD 37A

BEFORE:   LAZARUS, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    FILED OCTOBER 13, 2020

T.L.M. ("Mother") appeals from the Order entered in the Blair County Court of Common Pleas involuntarily terminating her parental rights to her daughters, S.L.M., born in October 2004, and T.L.M., born in April 2008 (collectively, "Children").   Because the record supports the decision of the orphan's court, we affirm the Order.

SUMMARY OF FACTS AND PROCEDURAL HISTORY

We glean the following and procedural history from the orphans' court's Opinion, which is supported by the certified record.   Mother and R.M. ("Father") met in 2001 and subsequently married.   Mother struggled with substance abuse issues.   The parties separated in November 2015 and divorced in April 2019.   Following the parties' separation, Mother was incarcerated on several occasions.   In 2017, Father's fiancée, A.J., as well as her two children, began living with Father and Children.   After approximately September 2017, Mother had no contact with Children.

On October 12, 2018, Father filed Petitions to Involuntarily Terminate Mother's Parental Rights to Children ("TPR Petitions"). The orphans' court conducted hearings on the TPR Petitions on May 13, 2019, June 19, 2019, and August 21, 2019.[1] Father testified on his own behalf and presented the testimony of Laurie Kephart, Children's therapist; A.J.; and K.B., Mother's daughter. Moreover, Children testified in camera.[2]

On December 3, 2019, the orphans' court entered an Order involuntarily terminating Mother's parental rights to Children pursuant to 23 Pa.C.S. § 2511(a)(1) and (b). Thereafter, Mother filed a timely Notice of Appeal and Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).[3]

_____

[1] The orphans' court appointed Attorney Maryann Bistline to serve as legal counsel for Children.

[2] Mother failed to appear for the hearing on August 21, 2019.

[3] Mother did not file separate Notices of Appeal regarding each of the children as required by Pa.R.A.P. 341 (stating where "one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed") and Commonwealth v. Walker, 185 A.3d 969, 971 (Pa. 2018) (holding "where a single order resolve issues arising on more than one docket, separate notices of appeal must be filed for each case.").

However, we decline to quash this appeal because the only difference in the docket numbers for each child is the addition of a handwritten "A" following the docket number on the docket pertaining to S.L.M., and the orphans' court misinformed Mother that if "she intends to appeal this Order . . . said appeal must be filed [within thirty days]," amounting to a breakdown in the court system which excuses Mother's lack of compliance with Rule 341 and Walker. Orphans' Court Order, 12/3/19, at 2. See Commonwealth v. Larkin, 235 A.3d 350 (Pa. Super. 2020) (declining to quash an appeal pursuant to Walker where a defendant filed one Notice of Appeal listing two docket numbers

ISSUES ON APPEAL

Mother raises the following issues on appeal:

1. Whether or not the [orphans'] [c]ourt erred when it determined that [] Father was not required to strictly comply with the provisions of the Adoption Act in that [] Father failed to demonstrate that a valid adoptive resource existed[?]

2. Whether or not the [orphans'] [c]ourt erred when it determined that "cause" existed and therefore [] Father was not required to strictly comply with the provisions of the Adoption Act and otherwise excused the requirement of a valid adoptive resource[?]

3. Whether or not [] Father presented sufficient evidence to demonstrate to the [orphans'] [c]ourt by clear and convincing evidence that [] Mother's conduct demonstrated a settled purpose of relinquishing parental claim to the child or that she failed to perform parental duties for at least six months[?]

4. Whether or not [] Mother's parental rights should be terminat[ed] pursuant to 23 Pa.C.S.A. § 2511(a)(1) when [] Father actively erected barriers and obstacles between [] Mother and [C]hildren, which impeded her ability to communicate and associate with [C]hildren?

Mother's Brief at 5-6 (suggested answers omitted).

LEGAL ANALYSIS

In reviewing cases in which the orphans' court involuntarily terminated parental rights, appellate courts must accept the findings of fact and credibility determinations of the orphans' court if the record supports them. In re T.S.M., 71 A.3d 251, 267 (Pa. 2013). If the record supports the factual

_____

because the trial court had misinformed the defendant that he could file "a written notice of appeal to the Superior Court," which amounted to a "breakdown in the court system" and excused the defendant's lack of compliance with Walker.)

findings, appellate courts then determine if the orphans' court made an error of law or abused its discretion. Id. Where the competent record evidence supports the court's findings, we must affirm the orphans' court even though the record could support an opposite result. In re Adoption of Atencio, 650 A.2d 1064, 1066 (Pa. 1994).

"The trial court is free to believe all, part, or none of the evidence presented, and is likewise free to make all credibility determinations and resolve conflicts in the evidence." In re M.G., 855 A.2d 68, 73–74 (Pa. Super. 2004) (citations omitted). Appellate courts defer to the orphans' court that often has "first-hand observations of the parties spanning multiple hearings." In re T.S.M., supra at 267 (citations and quotation marks omitted).

In addressing petitions to terminate parental rights involuntarily, the Adoption Act requires the court to conduct a bifurcated analysis. See 23 Pa.C.S. § 2511(a) and (b). Courts first focus on the conduct of the parent, and, if the party seeking termination presents clear and convincing evidence that the parent's conduct meets one of the grounds for termination set forth in Section 2511(a), then the court will analyze whether termination of parental rights will meet the needs and welfare of the child, i.e., the best interests of the child, as provided in Section 2511(b). Courts particularly focus on the existence of the child's bond with the parent, if any, and the potential effect on the child of severing such bond. In re L.M., 923 A.2d 505, 511 (Pa. Super. 2007). A parent's basic constitutional right to the custody and rearing of his child is converted, upon the failure to fulfill his parental duties, to the child's right to have proper parenting and fulfillment of the child's potential in a

permanent, healthy, safe environment. In re B.N.M., 856 A.2d 847, 856 (Pa. Super. 2004) (internal citations omitted).

When a parent, instead of a child welfare agency, files a TPR Petition, the filing parent must establish not only the requirements set forth in 23 Pa.C.S. § 2511, but also aver in the TPR petition that an adoption is contemplated and establish that the prospective adoptive parent is authorized to adopt pursuant to the Adoption Act. 23 Pa.C.S. § 2512; In Re: Adoption of M.R.D., 145 A.3d 1117, 1120 (Pa. 2016).

Section 2903 of the Adoption Act explicitly authorizes only a stepparent to be the adoptive resource when it is a biological parent who is filing a TPR Petition against the other biological parent. See 23 Pa.C.S. § 2903. If, however, the adoptive resource is someone other than a stepparent, the Adoption Act requires the biological parent who is filing the TPR Petition to relinquish his parental rights. 23 Pa.C.S. § 2711(a)(3); In Re: Adoption of M.R.D., supra at 1120.

Finally, Section 2901 permits the trial court to waive requirements set forth in the Adoption Act for "cause shown[.]" 23 Pa.C.S. § 2901; In Re: Adoption of M.R.D., supra at 1127.

### Orphans' Court Properly Found that Father Showed Cause for his Noncompliance with Adoption Act Provisions

Mother combines her first and second issues in her brief, contending that Father failed to strictly comply with the Adoption Act in filing the TPR Petitions. Mother argues that the Adoption Act does not permit Father to terminate her parental rights and have Children adopted by A.J. when Father and A.J. are not married. Mother's Brief at 13-16. Mother contends that, without a viable stepparent adoption, it was improper to terminate her

parental rights.  Id. at 15-19.  Mother further argues that Father failed to aver that a valid adoption was anticipated, as A.J. is not a stepparent capable of adopting Children and the trial court incorrectly found "cause."  Id. at 21-22. We disagree.  In M.R.D, supra,  our Supreme Court held that it was proper for  a trial court to  find "cause shown" to waive the requirements of the Adoption Act in cases in which "the parent and the prospective adoptive parent are committed partners—that is, they are involved in a horizontal relationship, are equals as between each other, and are equals with respect to the child." Id. at 1128.   Our Supreme Court has also concluded, "[t]here is no language in the Adoption Act precluding two unmarried same-sex partners (or unmarried heterosexual partners) from adopting a child who had no legal parents.   It is therefore absurd to prohibit their adoptions merely because their children were either the biological or adopted children of one of the partners prior to the filing of the adoption petition."   In re Adoption of R.B.F., 803 A.2d 1195, 1202–03 (Pa. 2002).

Here, the orphans' court determined that "cause" existed for Father's failure to strictly comply with the provisions of the Adoption Act.  Orphans' Ct. Op., 12/3/19, at 14.   The orphans' court acknowledged that Father's TPR Petitions do not aver that an adoption is contemplated.  Id.  However, the court credited the testimony of Father and A.J. that they live together as a family unit, intend to be married, and that A.J. desires to adopt Children.  Id. at 14-15.  Further, the court credited Children's testimony that they have a mother/daughter relationship with A.J. and desire to be adopted by A.J.  Id. at 15.  The court considered both In re: Adoption of R.B.F., supra, and In re: Adoption of M.R.D., supra, and opined that the cases "suggest that the

[c]ourt is permitted to find that cause exists to allow an adoption to move forward when the third party seeking to adopt the children in not a stepparent but lives with the Petitioner in an intimate, committed, relationship and as part of a family unit. . . and we find that cause exists in this matter[.] Id.

We discern no error of law or abuse of discretion in the orphans' court's analysis. Based on the credited testimony, the court did not commit an error of law or abuse its discretion when it concluded that Father had shown cause for his failure to strictly comply with the Adoption Act.

Termination Pursuant to Section 2511(a)(1)

We next conclude that the orphans' court properly exercised its discretion by terminating Mother's parental rights pursuant to Section 2511(a)(1). Section 2511(a)(1) provides that the orphans' court may terminate parental rights if the Petitioner establishes that "the parent by conduct continuing for a period of at least six months immediately preceding the filing of the petition either has evidenced a settled purpose of relinquishing parental claim to a child or has refused or failed to perform parental duties." 23 Pa.C.S. § 2511(a)(1). Although the statute focuses on an analysis of the six months immediately preceding the filing of the petition, "the court must consider the whole history of a given case and not mechanically apply the six-month statutory provision." In re K.Z.S., 946 A.2d 753, 758 (Pa. Super. 2008) (citation omitted). Rather, "[t]he court must examine the individual circumstances of each case and consider all explanations offered by the parent facing termination of his parental rights, to determine if the evidence, in light of the totality of the circumstances, clearly warrants the involuntary termination." Id. (citations omitted).

With regard to "parental duties":

> There is no simple or easy definition of parental duties. Parental duty is best understood in relation to the needs of a child. A child needs love, protection, guidance, and support. These needs, physical and emotional, cannot be met by a merely passive interest in the development of the child. Thus, this Court has held that the parental obligation is a positive duty which requires affirmative performance. This affirmative duty . . . requires continuing interest in the child and a genuine effort to maintain communication and association with the child. Because a child needs more than a benefactor, parental duty requires that a parent exert himself to take and maintain a place of importance in the child's life.

In re B., N.M., 856 A.2d 847, 855 (Pa. Super. 2004) (citations and internal paragraph breaks omitted).

In her final two issues, Mother contends that Father failed to establish grounds for termination because he erected barriers that precluded her from contacting Children. Mother's Brief at 24, 28-30. Mother argues that she visited Children in February 2017 and saw T.L.M. when Mother went to the family home in September 2017. Id. at 26. Thereafter, Mother asserts that she was prevented from seeing Children because Father obtained a protection from abuse order that Mother contends was improper and "devious." Id. at 27, 29-31. After the order expired, Mother asserts that she attempted to communicate with Children through her oldest daughter, K.B., but Father and A.J. prevented the messages from reaching Children. Id. at 27-28.

In addressing Section 2511(a)(1), the orphans' court credited testimony that Mother's last contact with Children occurred in 2017 and consisted of a birthday card sent to T.L.M. approximately two years prior to the termination hearing and some incidental contact with T.L.M. around that time. Orphans' Ct. Op.at 16. Further, the court noted that Mother was "in and out of jail

several times during the past several years but failed to maintain a parental relationship with Children." Id. The court credited the testimony of K.B. that Mother occasionally told her to relay messages to Children, but never asked her to help facilitate any visits or contact with Children. Id. Moreover, the court observed that no evidence was presented to establish that anyone erected barriers or obstacles between Mother and Children. Rule 1925(a) Opinion, 1/8/20, at 4. Due to the failure of Mother to maintain any contact with Children for a period of two years, and her failure to engage in any activities to maintain the parent/child relationship, the court involuntarily terminated Mother's parental rights pursuant to Section 2511(a)(1). Orphans' Ct. Op. at 16.

Our review of the record supports the orphans' court's findings. We decline to reweigh the evidence or usurp the lower court's credibility determinations. See In re T.S.M., 71 A.3d at 267. Accordingly, we find no abuse of discretion and affirm the orphans' court's Order.[4]

In sum, the orphans' court did not commit an error of law or abuse its discretion when it concluded that Father had shown cause for his failure to

_____

[4] Mother waived any argument regarding Section 2511(b) because she did not include such an argument in the Statement of Questions Involved or the Argument sections of her Brief. See In re M.Z.T.M.W., 163 A.3d 462 (Pa. Super. 2017) (finding the appellant waived her challenge to Section 2511(b) by failing to include it in her concise statement and statement of questions involved section of her brief). Had Mother not waived this issue, we would conclude that it lacked merit. The orphans' court determined that Children no longer have a bond with Mother and that they desire to be adopted by A.J. Orphans' Ct. Op. at 17. These findings are supported by the record, and the court did not abuse its discretion by concluding that terminating Mother's parental rights met Children's needs and welfare. Id.

strictly comply with the Adoption Act and terminated Mother's parental rights to Children pursuant to Sections 2511(a) and (b).

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/13/2020