J-A17005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: M.L.R., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: M.V.D., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 623 EDA 2024 |

Appeal from the Decree Entered January 26, 2024
In the Court of Common Pleas of Montgomery County Orphans' Court at
No(s): 2022-A0133

BEFORE: BOWES, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.: **FILED OCTOBER 9, 2024**

M.V.D. ("Father") appeals the January 26, 2024 decree granting a petition filed by E.L.R. ("Mother") (collectively, "Parents") and involuntarily terminating Father's parental rights to his biological son, M.L.R., born in December 2019. Upon review, we must vacate due to Mother's failure to satisfy the adoption requirement at 23 Pa.C.S. § 2512(b), or the "cause shown" exception thereto at 23 Pa.C.S. § 2901.

We gather the relevant factual and procedural history of this matter from the certified record. Parents married in September 2018 and M.L.R. was born approximately one year later. *See* N.T., 5/23/23, at 152. Prior to Parents' relationship, Father had pled guilty to unlawful contact with a minor in the context of prostitution in July 2009 and was imprisoned through December 2012. *See id*. at 10-11. Immediately prior to M.L.R.'s birth, Father was arrested and charged with possession of child pornography and failing to

register as a sexual offender in Pennsylvania. *See id*. at 12. Ultimately, Parents divorced in June 2020. *See id*. at 152. Initially, Parents shared legal custody of M.L.R., while Mother was awarded primary physical custody and Father was awarded supervised physical custody.[1] *See id*. at 155.

Contemporaneously, Father was arrested in New Jersey for failing to register under that state's sexual offender registry and was incarcerated from June 2021 through January 2022. *See* N.T., 5/23/23, at 11-12. On August 16, 2021, Parents entered a stipulated custody order providing that "[d]uring any time that Father is incarcerated, Mother shall have sole legal and physical custody of [M.L.R.]" Mother's Exhibits 5-6. In February 2022, Father pled guilty to the still-pending Pennsylvania charges and received an aggregate sentence of five to fifteen years of imprisonment. *See* N.T., 5/23/23, at 13. Consequently, Father was also deemed to be a lifetime registrant pursuant to Subchapter H of the Pennsylvania Sentencing Code. *See id*. at 17.

There is no dispute that Father's contact with M.L.R. has been limited and sporadic during the child's short life. Although Father consistently exercised supervised custody rights while he was not incarcerated, the certified record reflects that Father does not exercise custody while

---

[1] Specifically, Father's periods of supervised physical custody were set to occur on Wednesdays from 4:00 p.m. to 6:30 p.m., and on Sundays from noon until 6:30 p.m. *See* N.T., 5/23/23, at 156.

imprisoned. *See id*. at 158-59. Father's last face-to-face interaction with M.L.R. occurred on February 9, 2022. *See id*. The certified record also reveals that Father's term of incarceration will end at some time between February 2027 and February 2037. *See id*. at 13, 112. Absent modification, the terms of the August 16, 2021 stipulated order will ensure Mother has sole legal and physical custody of M.L.R. until Father's release. *See* Mother's Exhibits 5-6.

Since it is relevant to our disposition, we also note that Mother has not remarried since her divorce from Father. Furthermore, there is no dispute that there are no prospects that M.L.R. will be adopted by another individual in the future. *See* N.T., 5/24/23, at 45. *See id*. at 45-46.

On August 17, 2022, Mother filed a petition seeking to involuntarily terminate Father's parental rights pursuant to 23 Pa.C.S. § 2511(a)(1), (2), (11), and (b).[2] We note that Mother's petition did not include any averment that an adoption of M.L.R. was contemplated as required by § 2512(b).[3] *See* Petition for Involuntary Termination of Parental Rights, 8/17/22, at ¶ 1 ("No

_____

[2] On November 14, 2022, the orphans' court appointed Mary C. Pugh, Esquire, as M.L.R.'s legal counsel in conformity with 23 Pa.C.S. § 2313(a). Attorney Pugh filed in this Court a brief in favor of affirming the trial court's termination decree.

[3] We observe that 23 Pa.C.S. § 2511(a)(7) permits a parent to seek the involuntary termination of another parent's rights without averring an adoption is contemplated, when the subject child was conceived by rape or incest. *See* 23 Pa.C.S. § 2514. However, Mother did not seek to terminate Father's parental rights pursuant to § 2511(a)(7), and there is no allegation that M.L.R. was the product of incest or rape.

adoption is necessary as she is a fully capable, hard-working, competent, and loving mother[.]").  The orphans' court held three days' worth of hearings on Mother's petition from May 23 through May 25, 2023.  Therein, Parents each testified along with several members of Parents' respective extended families and friends of both Parents.  On January 26, 2024, the orphans' court granted Mother's petition and filed a final opinion and decree involuntarily terminating Father's parental rights pursuant to § 2511(a)(1) and (2) and § 2511(b).  **See** Orphans' Court Opinion, 1/26/24, at 1-18.  The orphans' court concluded that Mother satisfied the "cause shown" exception at § 2901 and, consequently, was excused from the requirements of § 2512.  **See id**. at 10 ("Mother should not be penalized or restricted from protecting her child simply because she is a single parent who does not currently have a partner who wants to adopt.").

On February 23, 2024, Father filed a timely notice of appeal along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).  On March 12, 2024, the orphans' court submitted a statement in lieu of an opinion pursuant to Rule 1925(a)(2)(ii), which referred to the reasoning and rationale set forth in its January 26, 2024 writing.

Father has raised the following issues for our consideration:

a. Did the [orphans'] court commit legal error and misapply 23 Pa.C.S. § 2512 by involuntarily terminating Father's parental rights when Mother lacked standing/failed to bring a cognizable petition for same, as:  (1) no adoption of M.L.R. was contemplated;  (2) Mother intended to retain custody of M.L.R.;  (3) Mother was not an agency; and (4) M.L.R. was not the product of rape or incest?

b.      Did the orphans' court commit legal error and misapply 23 Pa.C.S. § 2901 by involuntarily terminating Father's parental rights when that statutory provision has been interpreted by the Commonwealth's highest Court to apply only in the context of a contemplated adoption, no adoption was contemplated in this case, Mother was not relinquishing her parental rights, Mother presented no evidence as to any legal impediment to her strict compliance with the statutory provisions regarding relinquishment and/or adoption, and Mother's petition would not create a new parent-child relationship in a new family unit?

Father's brief at 9. Although framed as separate issues, Father is essentially arguing that the orphans' court erred in applying § 2901 to excuse Mother from the adoption requirement set forth at § 2512. *See id*. at 13-14.

Thus, Father is challenging the trial court's application of the Adoption Act, 23 Pa.C.S. §§ 2101-2938, which presents a pure question of law over which our standard of review is *de novo* and our scope of review is plenary. *See In re Adoption of J.M.B.*, 308 A.3d 1262, 1266-67 (Pa.Super. 2024). As discussed further *infra*, however, our Supreme Court has held that the legal analysis required by § 2901 also implicates the orphans' court's discretion. *See In re Adoption of M.E.L.*, 298 A.3d 118, 127 (Pa. 2023). To the extent that Father's arguments touch upon these discretionary aspects of the court's holding, we review such determinations for an abuse of discretion. *See J.M.B.*, 308 A.3d at 1267.

As noted above, Father's arguments implicate the provisions of § 2512, which provide, in pertinent part, as follows:

**§ 2512. Petition for involuntary termination**

**(a) Who may file.**--A petition to terminate parental rights with respect to a child under the age of 18 years may be filed by any of the following:

(1) Either parent when termination is sought with respect to the other parent.

(2) An agency.

(3) The individual having custody or standing in loco parentis to the child and who has filed a report of intention to adopt required by [§] 2531 (relating to report of intention to adopt).

(4) An attorney representing a child or a guardian *ad litem* representing a child who has been adjudicated dependent under 42 Pa.C.S. § 6341(c) (relating to adjudication).

**(b) Contents.**--The following apply:

(1) The petition shall set forth specifically those grounds and facts alleged as the basis for terminating parental rights.

(2) Except as provided in paragraph (3), the petition filed under this section shall also contain an averment that the petitioner will assume custody of the child until such time as the child is adopted.

(3) If the petitioner is a parent and [§] 2514 (relating to special provisions when child conceived as a result of rape or incest) applies, or if the petitioner is an agency, the petitioner shall not be required to aver that an adoption is presently contemplated nor that a person with a present intention to adopt exists.

23 Pa.C.S. § 2512(a)-(b).

This language clearly provides that "a petition of a parent seeking to terminate the rights of the child's other parent must contain 'an averment that the petitioner will assume custody of the child until such time as the child is adopted.'" ***M.E.L.***, 298 A.3d at 121 (quoting 23 Pa.C.S. § 2512(b)(2)).  The

High Court stated, "[i]n other words, the petitioning parent must demonstrate that an adoption of the child is anticipated in order for the termination petition to be cognizable."[4]  **M.E.L.**, 298 A.3d at 121 (cleaned up).  Our Supreme Court has also emphasized that "the parent seeking termination must strictly comply with all pertinent provisions of the Adoption Act[.]"  **Id**. (cleaned up).

Notwithstanding this requirement, § 2901 provides as follows:[5]

> **Unless the court for cause shown determines otherwise**, no decree of adoption shall be entered unless the natural parent or parents' rights have been terminated, the investigation required by [§] 2535 (relating to investigation) has been completed, the report of the intermediary has been filed pursuant to [§] 2533 (relating to report of intermediary) and all other legal requirements have been met.  If all legal requirements have been met, the court may enter a decree of adoption at any time.

23 Pa.C.S. § 2901 (emphasis added).  Our Supreme Court has explained that "'there is no reasonable construction of the [§] 2901 'cause shown' language other than to conclude that it permits a petitioner to demonstrate why, in a

---

[4]  Indeed, the provisions of 23 Pa.C.S. § 2711 require that the parent seeking termination must consent to the contemplated adoption of the at-issue child, which entails relinquishing his or her own parental rights.  **See In re Adoption of M.E.L.**, 298 A.3d 118, 121 (Pa. 2023) (citing 23 Pa.C.S. § 2711(a)(3), (d)(1)).  Outside of successfully invoking the "safe harbor" of 23 Pa.C.S. § 2901, parents are only able to circumvent this requirement when the child is adopted by a stepparent.  **See** 23 Pa.C.S. § 2903.

[5]  Historically, this statutory provision has typically been successfully invoked in cases wherein a biological parent has sought to retain their parental rights despite their child's adoption by a non-spousal third-party.  **See**, **e.g.**, **In re Adoption of M.R.D.**, 145 A.3d 1117, 1128-30 (Pa. 2016) (holding that the parties seeking to adopt were legally unable to marry and, thus, were excused from satisfying the Adoption Act's marriage requirement); **In re Adoption of R.B.F.**, 803 A.2d 1195, 1199-1200 (Pa. 2002) (same).

particular case, he or she cannot meet the statutory requirements.'" ***M.E.L.***, 298 A.3d at 127 (quoting ***In re Adoption of R.B.F.***, 803 A.2d 1195, 1201-02 (Pa. 2002)). We also note that the petitioning parent must establish such cause by clear and convincing evidence. ***See M.E.L.***, 298 A.3d at 127.

The application of § 2901 involves a two-step analysis, as follows:

"To satisfy the cause exception to the relinquishment under [§] 2901 two things must be established. A party must first show why he or she cannot meet the statutory requirements for adoption. . . . Upon this showing, the party may then appeal to the court's discretion by demonstrating with clear and convincing evidence why the purpose of [§] 2711(d) would nevertheless be fulfilled or unnecessary in their case, despite the party's inability to fulfill the statutory requirements."

***J.M.B.***, 308 A.3d at 1268 (quoting ***M.E.L.***, 298 A.3d at 127). Instantly, Father asserts that the orphans' court erred in determining that Mother had demonstrated cause pursuant to § 2901 and, consequently, also erred in excusing Mother from strictly satisfying the requirements of § 2512(b) by averring that an adoption of M.L.R. was contemplated. Specifically, Father argues, *inter alia*, that Mother failed to prove by clear and convincing evidence that she was unable to comply with the adoption requirement at § 2512(b). **See** Father's brief at 14 ("Binding decisional law has consistently interpreted 23 P.S. § 2901 as . . . requiring the petitioner to prove a legal impediment to strict compliance with statutory requirements."). We must agree.

Instantly, there is no dispute that an adoption of M.L.R. was not contemplated in connection with Mother's filing of the underlying termination petition. **See** Petition for Involuntary Termination of Parental Rights, 8/17/22,

- 8 -

at ¶ 1 ("No adoption is necessary as [Mother] is a fully capable, hard-working, competent, and loving mother[.]").  Furthermore, Mother has not articulated any reason that she cannot abide by the adoption requirement at § 2512(b) aside from her understandable unwillingness to relinquish custody of M.L.R. **See** Mother's brief at 10 ("Mother herein could have avoided this issue completely, by simply agreeing to relinquish . . . her own parental rights.").  The trial court opined that it would be "ludicrous" to prevent Mother from terminating Father's parental rights unless she also gives up her own parental rights.  **See** Orphans' Court Opinion, 1/26/24, at 10.  Critically, however, the trial court also did not identify any particular impediment that would prevent Mother from abiding by § 2512(b) aside from her refusal to do so.

As detailed above, a petitioner seeking the benefit of § 2901 must first "explain why she is **unable** to meet the statutory requirements for adoption." **M.E.L.**, 298 A.3d at 128 (emphasis added).  This Court has clarified that there "must be a **legal impediment** to the party's strict fulfillment of the Adoption Act's statutory requirements." **In re Adoption of K.E.G.**, 307 A.3d 647, 2023 WL 6620329, at *9 (Pa.Super. 2023) (non-precedential decision) (emphasis in original).  In **K.E.G.**, we specifically rejected arguments that are largely similar to those advanced by Mother in the instant case.[6]  **See id**. at *6-*9.

---

[6]  Mother has relied heavily upon the persuasive value of this Court's holding in **Interest of Z.E.**, 3577 EDA 2018, 2019 WL 3779711 (Pa.Super. 2019) (non-precedential decision), wherein a mother filed a petition seeking to
*(Footnote Continued Next Page)*

Our Supreme Court has explained that "the purpose of the involuntary termination provisions of the Adoption Act is **not to punish an ineffective or negligent parent[.]**" *M.E.L.*, 298 A.3d at 121 (emphasis added, cleaned up). We are not unsympathetic to Mother's position. And we remain "sensitive to the plight of single parents who receive no assistance or benefit from an absent parent, but are precluded from seeking termination . . . because they do not have a spouse." *Id*. at 129. Nevertheless, "regardless of the wisdom of the . . . relinquishment requirements, the General Assembly has not revisited those provisions, and they remain the law." *Id*. The jurisprudence of the High Court on this issue makes clear that "the judiciary is bound by the provisions of the Adoption Act,

---

involuntarily terminate the parental rights of a biological father who had "raped" her on "a daily basis for nearly twenty years," which had resulted in the birth of several children. *Id*. at *1. This petition did not aver that an adoption of these children was contemplated in conformity with § 2512(b). Although the trial court initially denied Mother's petition, this Court reversed based upon "the unique facts" of the case and deemed Mother's petition cognizable. *Id*. at *6.

In rendering that ruling, however, this Court was "mindful" to explicitly limit the holding to the specific facts of *Z.E.*, "so that the exercise of such discretion does not open the door to terminating the parental rights of one parent by another parent when adoption is not contemplated, and to ensure we do not open the floodgates to ... gamesmanship." *Id*. at *8. Given the limitation placed upon the holding in *Z.E.*, and the absence of any analogous factual similarities in the instant case, we do not find *Z.E.* to be apposite. Moreover, "the specific concern that animated this Court's holding in *Z.E.* has largely been addressed by the Pennsylvania legislature[.]"*In re Adoption of K.E.G.*, 307 A.3d 647, 2023 WL 6620329, at *7 n.8 (Pa.Super. 2023); *see also* fn. 3. As such, we do not believe that *Z.E.* provides a basis for parents to seek *ad hoc* exceptions to the adoption requirement of § 2512(b).

- 10 -

including the spousal and relinquishment requirements, until such time as they are revisited by the General Assembly." ***J.M.B.***, 308 A.3d at 1276.

Based upon the foregoing, we must conclude that the orphans' court legally erred in finding Mother was excused from strict compliance with the adoption requirement of § 2512(b) pursuant to § 2901. ***See M.E.L.***, 298 A.3d at 298; ***K.E.G.***, 2023 WL 6620329, at *9. Accordingly, Mother's petition seeking the involuntary termination of Father's parental rights was non-cognizable and the decree granting it must be vacated.

Decree vacated.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/09/2024